# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRITTANY STANFIELD** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO:** |
| : | |
| v. : | |
| : | **Jury Trial Demanded** |
| **SDFC, ONE, INC., and MIRESH** : | |
| **PATEL and VINIL PARIKH, in their** : | |
| **individual capacities.** : | |
| : | |
| **Defendants.** : | |
| _____: | |

## VERIFIED COMPLAINT

Plaintiff Brittany Stanfield ("**Ms. Stanfield**") by and through undersigned counsel, brings this Verified Complaint against Defendants SDFC ONE, Inc. ("**SDFC**") and against Miresh Patel ("**Patel**") and Vinil Parikh ("**Parikh**") in Patel's and Parikh's individual capacities (SDFC, Patel and Parikh are collectively referred to as "**Defendants**"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("**FLSA**") for Defendants willful failure to pay Ms. Stanfield's overtime compensation and for other relief on the grounds set forth herein and states as follows:

## JURISDICTION & VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b); because it primarily involves claims arising out of the unlawful employment practices described herein during Ms. Stanfield's employment at Defendants' Liberty Shell gas station, owned by SDFC and Patel, and managed by Parikh located at 610 Highway 78 East, Villa Rica, Georgia 30180 (the "**Gas Station**").

2.

Defendants are further subject to the jurisdiction of this Court under the Court's supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C.A. § 1367 as the additional causes of action contained in Ms. Stanfield's Verified Complaint form part of the same case or controversy as they arise out of a common nucleus of operative facts concerning Defendants' willful failure to pay overtime compensation for which Ms. Stanfield is entitled.

3.

Venue is appropriate in this Court pursuant to 28 USC § 1391(b)(2); 29 U.S.C. §216(b); and LR 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

## PARTIES

4.

Ms. Stanfield is a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Ms. Stanfield worked for Defendants at the Gas Station since in and around June 15, 2011, through June 30, 2012 (the "**Relevant Time Period**").

6.

Ms. Stanfield was an "Employee" (as defined under the FLSA, 29 U.S.C. § 203(e)) for Defendants.

7.

Ms. Stanfield performed non-exempt labor for Defendants within the last three (3) years.

8.

Defendants employed Ms. Stanfield during the Relevant Time Period.

9.

During the Relevant Time Period, Ms. Stanfield worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required under FLSA § 7, 29 U.S.C. § 207.

10.

Defendants are private employers engaged in interstate commerce, and their gross revenues exceed $500,000.00 per year.

11.

Defendant SDFC is a Georgia corporation currently doing business in Georgia and SDFC is the corporate owner of the Gas Station at which Ms. Stanfield was employed.  Defendant may be served process through its registered agent Defendant Miresh Patel located at 1980 Douglasville Highway, Hiram, Georgia 30141.

12.

Upon information and belief, Miresh Patel is SDFC's sole shareholder and directly exercised control over the working conditions of Ms. Stanfield and is an "Employer" pursuant to FLSA § 3(d), 29 U.S.C. § 203(d).  Patel may be served at the address where he maintains SDFC's registered office located at 1980 Douglasville Highway, Hiram, Georgia 30141.

13.

Defendant Vinil Parikh exclusively managed the Gas Station and directly exercised control over the working conditions of Ms. Stanfield and is therefore an

"Employer" under 29 U.S.C. § 203(d).  Parikh is a resident of Georgia, and may be served at his residence located at 467 Highland Falls Drive, Hiram, Georgia 30141.

**FACTUAL ALLEGATIONS**

14.

During the Relevant Time Period and within the past three (3) years, Ms. Stanfield worked for Defendants, who are employers engaged in interstate commerce.

15.

Ms. Stanfield was hired as a cashier/clerk for the Gas Station on or about June 15, 2011.

16.

Ms. Stanfield's position as a cashier/clerk for the Gas Station did not require a specialized degree or course of instruction.

17.

Ms. Stanfield does not have a specialized degree in cashiering or clerking.

18.

Ms. Stanfield was paid on an hourly basis, but was never paid the overtime wage differential for her hours over forty (40) hours per workweek worked.

19.

During the Relevant Time Period Ms. Stanfield always, or almost always, worked an average in excess of forty (40) hours per week. Ms. Stanfield routinely averaged approximately sixty (60) hours worked per workweek at the Gas Station. The vast majority of weeks, Defendant did not track these hours beyond keeping a handwritten schedule.

20.

The Plaintiff was paid partially by check at a rate of $7.25 per hour. Ms. Stanfield's paycheck was either for twenty (20) or forty (40) hours of work. Ms. Stanfield was then paid the rest of her hourly rate in cash and was told that this had to be done for accounting purposes.

21.

Defendants never paid Ms. Stanfield any overtime wage differential as required by FLSA § 7, 29 U.S.C. § 207 for any occasions that Ms. Stanfield worked over forty (40) hours in a workweek.

22.

Ms. Stanfield did not keep any independent track of her wages for the year. She did not review her W-2 form filed with the Internal Revenue Service until the

undersigned counsel reviewed it.  Ms. Stanfield's taxes were prepared by a third party for a fee.

23.

Ms. Stanfield's 2011 W-2 filed by SDFC shows wages of $2,610.  This amount is not even close to the wages she was paid in 2011, which were in and around $10,000.  A true, accurate, and correct copy of SDFC's W-2 filing for Ms. Stanfield is attached hereto as **Exhibit "1"**.

24.

As a result of Defendants willful acts and omissions, Ms. Stanfield will incur the expense for preparing an amended tax return.

25.

Defendants had three gambling machines in a back room at the Gas Station.  The machines were constantly occupied.  Ms. Stanfield was told not to leave the receipts for winning customers out in the open but to put to keep them hidden away.

26.

Ms. Stanfield was not allowed to see any revenue statements from the gambling machines but gamblers would routinely tell her they had just lost $200, $300 or more in one sitting.  Because the machines were virtually always fully

occupied it was clear that sales from the machines were one of the chief revenue sources for the business.

27.

On occasion Ms. Stanfield would see the revenues for the non-gambling sales of gasoline and grocery items sold inside the store. These revenues were usually in the $1250 range or higher. The station was open every day of the year.

28.

Given all of the above mentioned activities, under best information and belief, SDFC's tax filings do not accurately represent the gross revenue of the company.

30.

Nevertheless it is very clear, based on the combination of revenues from the store as well as the gambling operation, in all years pertinent hereto, SDFC had an annual gross volume of sales made or business done of not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

Defendant Parikh was the Gas Station's sole manager and he managed, controlled and directed the tasks, hours, schedule and manner of payment for Ms. Stanfield during the Relevant Time Period.

32.

Defendants have failed to meet the requirement for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 and/or 213.

33.

Ms. Stanfield, as a non exempt employee, was required to be compensated at a rate of one and one half times her hourly rate for each hour worked in excess of forty (40) hours in any given work period.

34.

Defendants knew or should have known that the FLSA overtime wage differential applied to Ms. Stanfield.

35.

Upon information and belief, when Defendants refused to pay Ms. Stanfield the overtime wage differential as required by federal law Defendants were not relying on any letter ruling from the Department of Labor indicating that Ms. Stanfield was not entitled to the overtime wage differential.

36.

Defendants are liable to Ms. Stanfield for any and all time worked in excess of forty (40) hours per week of at least one and one-half times her regular hourly rate.

37.

Defendants' conduct constitutes willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. §§ 216.

### COUNT ONE;
### VIOLATION OF THE FLSA 29 U.S.C. §§ 207, 215 & 216

38.

Paragraphs 1 through 37 are incorporated by reference as if set forth fully herein.

39.

Defendants' failure to compensate Ms. Stanfield for her time actually worked in excess of forty (40) hours per week on the basis of one and one-half times her regular hourly rate of pay is a violation of FLSA § 7, 29 U.S.C. §§ 207 and 215.

40.

Defendants suffered and required Ms. Stanfield to routinely work more than forty (40) hours per week without paying Ms. Stanfield the overtime wage differential to which she is entitled.

42.

Defendants violations are intentional and willful as Defendants knew, or showed have known that they were required to pay Ms. Stanfield an overtime wage differential pursuant to the FLSA.

53.

Defendants willfully failed to accurately report, record, and/or preserve records of hours worked by Ms. Stanfield, and thus have failed to make, keep and preserve records with respect to their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA.

54.

Defendants' conduct was willful and in bad faith.

55.

Defendants' willful and bad-faith violation gives rise to a claim for relief pursuant to FLSA § 16, 29 U.S.C. § 216 for unpaid overtime compensation for Ms.

Stanfield's entire employment with Defendants, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation.

## COUNT TWO;
### EQUITABLE INDEMNIFICATION

56.

Paragraphs 1 through 55 are incorporated by reference as if set forth fully herein.

57.

Due to Defendants' improper filing of Ms. Stanfield's W-2s, Ms. Stanfield will be forced to incur the additional expense of preparing and filing an amended tax return with the IRS and the State of Georgia.

58.

Due to Defendants' improper filing of Ms. Stanfield's 2011 W-2s, Ms. Stanfield will likely incur additional expenses as a result of Defendants' illegally having shifted Social Security, Medicare, and other Federal and State taxes on to their employee, Ms. Stanfield.

59.

These additional costs that Ms. Stanfield would incur are damages as a result of the improper and negligent actions of the Defendants.

60.

As a result of Defendants' willful and bad-faith violations of FLSA, Ms. Stanfield is entitled to the common law right of equitable indemnity from the Defendants for their wrongful acts and any other relief afforded by state and federal laws, dealing with taxation or otherwise.

WHEREFORE, Plaintiff requests that this Court:

(a)   Grant a trial by jury as to all triable issues of fact;

(b)   Issue a judgment awarding Ms. Stanfield:

(1)  her unpaid overtime wage differential pursuant to the FLSA §7, 29 U.S.C. § 207, FLSA § 6, 29 U.S.C. §206(d);

(2) liquidated damages as provided by 29 U.S.C. § 216;

(3) pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

(4) court costs, expert and witness fees, reasonable attorneys' fees as provided under FLSA § 16;

(5)  all other remedies allowed under the FLSA;

(c) Grant declaratory judgment and relief declaring that Defendants have violated Ms. Stanfield's statutory rights; and

(d) Award any such other relief this Court finds just;

Respectfully submitted this 27th day of August, 2012.

**KAUFMAN, MILLER & FORMAN, P.C.**

*/s/ David L. Pardue*_____
David L. Pardue
Georgia Bar No. 567217
Richard J. Tillery
Georgia Bar No. 940452

8215 Roswell Rd., Bldg. 800
Atlanta, Georgia 30350-6445
Telephone: (770) 390-9200
Facsimile: (770) 395-6720
E-mail: dlp@kauflaw.net
rjt@kauflaw.net

*Attorneys for Plaintiff*
I:\WP\CW\8554-001\Stanfield Complaint(final).docx

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **BRITTANY STANFIELD** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO:** |
| | : | |
| v. | : | |
| | : | **Jury Trial Demanded** |
| **SDFC, ONE, INC., and MIRESH PATEL and VINIL PARIKH, in their individual capacities.** | : : : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing Verified Complaint has been prepared with one of the font and point selections approved by the court in LR 5.1. Specifically, the above-mentioned pleading has been prepared using Times New Roman font, 14 point.

Respectfully submitted this 27th day of August, 2012.

KAUFMAN, MILLER & FORMAN, P.C.

/s/ David L. Pardue_____
David L. Pardue
Georgia Bar No. 567217

                                                  Richard J. Tillery
                                                  Georgia Bar No. 940452

8215 Roswell Rd., Bldg. 800
Atlanta, Georgia 30350-6445
Telephone:　(770) 390-9200
Facsimile:　(770) 395-6720
E-mail:　　dlp@kauflaw.net
　　　　　　rjt@kauflaw.net

*Attorneys for Plaintiff*