## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BRITTANY STANFIELD** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO:** |
| | : | **4:12-cv-00202-HLM-WEJ** |
| v. | : | |
| | : | **Jury Trial Demanded** |
| **SDFC, ONE, INC., and MITESH** | : | |
| **PATEL and VINIL PARIKH, in their** | : | |
| **individual capacities.** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Brittany Stanfield, by and through their undersigned counsel, hereby make the following disclosures pursuant to F.R.C.P 26(a)(1) and Local Rule 26.1, based on the information currently available. These initial disclosures are made without waiver of any applicable objections, including without limitation: 1) Any objections to the disclosure of information that is protected by the attorney-client privilege and/or the attorney work product doctrine, and/or any other applicable privilege or immunity;

2) Any objections based upon lack of relevance, that information or documents are confidential, that the production of documents would be unreasonably cumulative or duplicative, that the information can be obtained from other sources more

conveniently with less burden and less expense or that the burden or expense of discovery outweighs its likely benefit; and,

3) Any objections to the production of witnesses, documents, or things that are outside the jurisdiction of the Court and or beyond Plaintiff's possession or control.

These initial disclosures are made early in this litigation and may, if warranted, be supplemented, modified or amended pursuant to F.R.C.P.26(e) and Local Rule 26.1.

**(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiff Brittany Stanfield ("Plaintiff" or "Ms. Stanfield") was employed at a Liberty Shell gas station, owned by Defendants SDFC One, Inc. ("SDFC") and Miresh Patel ("Patel"); and managed by Defendant Vinil Parikh ("Parikh"; and are collectively referred to as "Defendants"). Defendants willfully failed to pay Ms. Stanfield's a wage differential for the overtime hours she worked while in their employ as required by the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et. seq.* (the "FLSA").

LEGAL ISSUES:

1. Whether the FLSA applies to the facts of Ms. Stanfield's employment with Defendants;

2. Whether Defendants are "employers" under the FLSA 29 U.S.C. § 203(d)-(e);

3. Whether Defendants willfully failed to pay Ms. Stanfield her overtime compensation for which liquidated, or "double", damages can be assessed against Defendants, pursuant to the FLSA 29 U.S.C. §§ 207, 215-216; and

4. Whether Defendants' actions were willful and demand imposition of cost and expenses of litigation, including attorneys' fees, pursuant to the FLSA 29 U.S.C. §§ 207, 215-216.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

1. **Fair Labor Standards Act of 1938**; as amended, 29 U.S.C. § 201 *et. seq*.

At this time, Plaintiffs are not in the position to detail all applicable case law, code sections, and other information that may impact on this case, due to the fact that there has been no discovery exchanged and no depositions have been taken.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

See Attachment "A".

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to initial Disclosures as Attachment B.)**

Plaintiff has yet to identify any individual(s) that may be used at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants and Third-Party Plaintiffs will supplement this response as experts are identified. As such, there is no Attachment "B" to this pleading.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment "C"

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Plaintiff claims compensatory and liquidated damages in an amount that cannot yet be precisely determined without further discovery, plus interest, costs and all expenses of litigation including but not limited to Plaintiff's reasonable attorneys' fees. Plaintiff has provided a damage calculation as to the overtime

wage differential and liquidated damages that she is claiming Defendants be required to pay. Documents pertaining to such damages are included in the document list in Attachment C, as noted in Attachment D.

**(7) Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

None.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

None.

Dated this 2nd day of October, 2012.

**KAUFMAN, MILLER & FORMAN, P.C.**

**/S/ DAVID L. PURDUE**
DAVID L. PURDUE
GEORGIA BAR NO. 567217
8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
Telephone: 404.942.3300
Facsimile: 404.942.3301
E-mail: dlp@kauflaw.net
*Attorney for Plaintiff*

**ATTACHMENT A**
**WITNESS LIST TO INITIAL DISCLOSURES**

Brittany Stanfield
c/o **KAUFMAN, MILLER & FORMAN, P.C.**
8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
Telephone:   404.942.3300
Facsimile:   404.942.3301
E-mail:       dlp@kauflaw.net
*Plaintiff*

> *Has information regarding the number of hours worked while employed by Defendants for which she is entitled overtime compensation , and all other, if any, claims and defenses asserted in this action.*

David L. Pardue, Esq.
Georgia Bar No. 567217
**KAUFMAN, MILLER & FORMAN, P.C.**
8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
Telephone:   404.942.3300
Facsimile:   404.942.3301
E-mail:       dlp@kauflaw.net
*Counsel for Plaintiff*

> *Has information regarding attorneys' fees and expense of litigation incurred by Plaintiff.*

SDFC One, Inc.;
Miresh Patel; and
Vinil Parikh
*c/o* **WOOLDRIDGE & JEZEK, LLP**
1230 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
Telephone:   404.942.3300
Facsimile:   404.942.3301
E-mail:       wooldridge@wjlawoffice.com

*Defendants*

> *Should have information regarding the number of hours Plaintiff worked while employed by Defendants for which Plaintiff is entitled overtime compensation , and all other, if any, claims and defenses asserted in this action.*

SDFC One, Inc.'s & Miresh Patel's employees; and
Co-employees of Vinil Parikh at Liberty Shell Gas Station
*c/o* **WOOLDRIDGE & JEZEK, LLP**
1230 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
Telephone:   404.942.3300
Facsimile:    404.942.3301
E-mail:        wooldridge@wjlawoffice.com
*Defendants' Employees and Co-employees*

> *Should have information regarding the number of hours Plaintiff worked while employed by Defendants for which Plaintiff is entitled overtime compensation , and all other, if any, claims and defenses asserted in this action.*

SDFC One, Inc.'s & Miresh Patel's Certified Public Accountant(s) / Accountant(s)
**Contact Information Unknown at Present Time**
*Accountant(s) / Certified Public Accountant for Defendants*

> *Should have information regarding income of Defendants, and hours worked by Defendants' employees and wages paid/declared for same.*

THOMAS C. WOOLDRIDGE, ESQ.
GEORGIA BAR NO.  384108
**WOOLDRIDGE & JEZEK, LLP**
1230 Peachtree Street, NE, Suite 1900
Atlanta, Georgia 30309
Telephone:  404.942.3300
Facsimile:   404.942.3301
E-mail:       wooldridge@wjlawoffice.com
*Counsel for Defendants*

> *Has information regarding attorneys' fees and expense of litigation incurred by Defendants.*

Any other person or entity identified by Plaintiff or Defendants during discovery in this action.

All individuals and entities identified by Plaintiff and Defendants in their Initial Disclosures

All witnesses necessary for rebuttal.

Any witnesses necessary for the purposes of authentication of documents.

Any witnesses necessary for impeachment.

Any witnesses necessary to address issues which arise at trial.

**Plaintiff reserves the right to supplement this list.**

## ATTACHMENT C
### DOCUMENTS

The following documents may be utilized by Plaintiff during the course of the trial and are either located at the offices of Plaintiff's counsel, and in the case of documents solely and exclusively in Defendants' possession those will be available to Plaintiff only after reasonable discovery:

1. Any and all documents, including communications, evidencing Plaintiff's work schedule and hours Plaintiff worked for Defendants.

2. Any and all payroll and other financial records of Defendants.

3. Any and all documents related to Plaintiff's Complaint.

4. Any and all documents related to Defendants' defenses, affirmative or otherwise, asserted against Plaintiff's claims.

5. Any and all documents produced by either party in discovery.

6. All pleadings and discovery filed in the above-styled action.

7. All documents related to Plaintiff's attorneys' fees.

8. All documents listed in Defendants' Initial Disclosures.

9. All documents identified or produced by any non-party in this action.

10. All exhibits introduced during a Deposition taken by either party.

**Plaintiff reserves the right to supplement this list.**

## ATTACHMENT D
### DAMAGE ESTIMATE CALCULATION

Documents potentially relating to damages in this matter are listed in Attachment C.

Plaintiff's current damage *estimate* is as follows:

1. Plaintiff claims Defendants are required to compensate her for 20 hours of overtime work hours per week, for 52 weeks; to wit: 20 HOURS X 52 WEEKS = 1,040 HOURS OF OVERTIME; overtime hours for which Plaintiff was not compensated the overtime wage differential.

2. Plaintiff's salary was $7.25, thus one hour of overtime would require that, *in addition to* her hourly wage of $7.25, Defendants would be required to pay Plaintiff an overtime differential of $3.625.

3. Plaintiff worked an estimated 1,040 hours of overtime for which she was not paid the $3.625 overtime differential, which is equal to $3,770.00.

4. Furthermore, Defendants knew that Plaintiff was not an exempt employee for purposes of the Fair Labor Standards Act, as amended, and are therefore assessed liquidated, or "double", damages equal to the amount of overtime compensation Defendants failed to pay Plaintiff, or an additional $3,770.00.

5. Plaintiff's compensatory and liquidated damages are therefore equal to $7,540.00;

6. Plaintiff's reasonable attorney's fees and expenses of litigation are available from the undersigned counsel.

**The foregoing is only an estimate and Plaintiff reserves the right to supplement the damage calculation when any pertinent information becomes known to her.**

## CERTIFICATE OF COMPLIANCE

This is to certify that **PLAINTIFF'S INITIAL DISCLOSURES** have been prepared with one of the font and point selections approved by the court in LR 5.1B, pursuant to LR 7. Specifically, the above-mentioned Disclosures have been prepared using Time New Roman font, 14 point.

This 2nd day of October, 2012.

></br>
*/s/ David L. Pardue*
David L. Pardue
Georgia Bar No.  567217

**KAUFMAN, MILLER & FORMAN, P.C.**
8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
Telephone:   770.390.9200
Facsimile:    770.395.6720
E-mail:         dlp@kauflaw.net

I:\WP\CW\8554-001\Initial Disclosures\Plaintiff's Initial Disclosures.docx

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

This 2nd day of October, 2012.

*/s/ David L. Pardue*
David L. Pardue
Georgia Bar No.  567217

**KAUFMAN, MILLER & FORMAN, P.C.**
8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
Telephone:  770.390.9200
Facsimile:   770.395.6720
E-mail:       dlp@kauflaw.net

I:\WP\CW\8554-001\Initial Disclosures\Plaintiff's Initial Disclosures.docx