IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BRITTANY STANFIELD, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 4:12-CV-0202-WEJ |
| SDFC, ONE, INC., et al., | |
| Defendants. | |

**ORDER**

On August 27, 2012, plaintiff, Brittany Stanfield, filed the instant action [1] for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). On January 2, 2013, the parties filed their Joint Motion for Approval of Settlement Agreement [18], voluntarily seeking to settle and dismiss this case. The parties have agreed that defendants shall pay plaintiff $5,200.00 in full compensation of her claim for overtime pay plus liquidated damages and will pay her attorney his fees of $15,000.00. (See Jt. Mot.; Settlement Agreement.)

Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit explained that

claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1352-55. Likewise, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, the parties acknowledge that the amount to be paid by defendants "compensates Ms. Stanfields for all overtime wages she believes she is owed . . . and also compensates her attorney for his legal services." (Jt. Mot. ¶ 3; see also id. ¶ 4 ("The agreement fully settles the Federal FLSA violation . . . ."); Settlement Agreement ("Defendant shall pay to Plaintiff . . . [$20,200.00] . . . in complete settlement and satisfaction of Plaintiff's claims . . . .").) As plaintiff will receive full compensation of her overtime claim and her counsel will receive full satisfaction of his associated fees, the Court finds the settlement to be fair, reasonable, and satisfactory. See Hanks v. Racetrack Petroleum, Inc., No. 6:11-cv-1368-Orl-28DAB,

2

2011 WL 4408242, at *2 (M.D. Fla. Sept. 9, 2011) ("Full recompense is *per se* fair and reasonable.").

For the reasons stated above, the Court **APPROVES** the Settlement Agreement [18-1] and **DIRECTS** defendant to pay plaintiff and counsel the amounts set forth in that Agreement. Additionally, counsel should file a stipulation of dismissal with prejudice within **TEN (10) DAYS** of the date of this Order. See Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting plaintiff to dismiss case without a court order by, inter alia, filing a stipulation of dismissal signed by all parties).

**SO ORDERED**, this 8th day of January, 2013.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

3